## McCARTENEY v. WYOMING NATIONAL BANK.

STRANGER TO CONTRACT.—It is well settled that in no case can a stranger to a contract maintain an action upon it or for the breach of it, save in the exceptional cases where a promisee was considered merely the agent of the stranger, and where the stranger was regarded as the trustee of the party to whom the promise is made.

ERROR to the Second District Court for Albany County.

A sufficient statement of the case is contained in the opinion of Judge BLAIR.

*Brown and Brockway,* for the plaintiffs in error, cited: 12 Ohio St. 273; 1 Pars. on Con. 466-7; 37 N. Y. 575; 2 Greenl. on Ev. 90; *Putney* v. *Farnham,* 27 Wis. 187; 35 Wis. 171; 2 Ohio St. 241; 22 Cal. 620; 37 Id. 596; 35 Wis. 653.

*W. W. Corlett,* for the defendant in error, cited: 1 Pars. on Con. 478; *Necker* v. *National Bank of Hagerstown,* Cent. Law Jour. 1875, 471; *Talmage* v. *Bell,* 3 Selden, 328; *Fowler* v. *Sealy,* 72 Penn. 461; R. Stats. of the United States, sec. 5136.

By the Court, BLAIR, J.: The plaintiff below, who is also the plaintiff in error in this court, filed her petition in the court below, setting forth substantially the following facts: That on the tenth day of November, A. D. 1874, the said defendants, A. G. Swain and George Little, were copartners, doing business under the firm name and style of Swain & Little, at Laramie city, county of Albany, Wyoming territory, and while so copartners and doing business as aforesaid, did on said tenth day of November, 1874, at said Laramie city and county of Albany, and territory aforesaid, make their certain promissory note in writing, dated on said day, and did deliver the same to said plaintiff, by which said note the said Swain & Little did promise to pay to the said plaintiff, or her order, the sum of three hundred and twenty-five dollars, six months after the date thereof, with

interest thereon at the rate of two per cent. per month, payable monthly; that the plaintiff is still the owner of said note, and that the same, nor any part thereof, has ever been paid. The plaintiff further alleges that before said note became due and payable the said firm of Swain & Little was dissolved by mutual consent; and that the said Swain, after the said dissolution, carried on the business in his own name, and did assume to pay the indebtedness of the said firm of Swain & Little. The petition further alleges that after the dissolution of said firm, to wit., on the twenty-seventh day of January, A. D. 1875, the said Swain did enter into a certain contract with certain of his creditors and the creditors of Swain & Little, by the terms of which contract the said creditors became parties thereto, to wit., the defendants in this action, by which contract the said defendants promised, agreed and undertook in consideration of the goods, wares and merchandise, book accounts, notes, bills, moneys, credits and effects of the said A. G. Swain, which the said Swain did on his part promise and agree to and did thereafter, according to the tenor and effect of said contract, assign, turn over and deliver to said defendant's creditors or their agent, to sell and convert into money, all of said goods, property and effects aforesaid, and out of the proceeds thereof to pay certain claims, notes, bills and accounts, existing against the said Swain & Little and the said A. G. Swain in full, and to divide the residue, *pro rata*, among all the remaining creditors of said Swain & Little and the said A. G. Swain.

The petition further avers, that the contract mentioned as aforesaid was signed and fully executed by the said A. G. Swain, of the first part, and by the Wyoming National Bank, aforesaid, (a corporation duly organized under the laws of the United States and doing business under the said corporate name in the county and territory aforesaid), and by divers other creditors of said Swain & Little and the said A. G. Swain, of the second part. The petition further avers, that all of the parties of the second part who

signed said agreement or contract aforesaid, by reason of the terms thereof did promise, agree and undertake to pay, or cause to be paid, out of the proceeds of the goods and effects aforesaid the amount of said plaintiff's claim, with all interest due thereon. That the plaintiff wholly relied on the good faith of the said contract and the stipulations therein contained, and accepted the same in good faith as security for the payment of her said claim, and so relying, she did not take any steps to or attempt to collect the same of the said Swain & Little. That at the time the said contract was entered into, the said Swain had sufficient property out of which she could have made her entire claim.

The petition further alleges, that immediately after the execution of the contract aforesaid, to wit, on or about the twenty-seventh day of January, A. D. 1875, according to one of the provisions of said contract, one N. L. Andrews took nominal possession of the store of said Swain as the agent of the defendants, and did remain in nominal possession of all the goods, wares and merchandise therein for the space of thirty days; that said Swain failed during that time to effect a compromise with his said creditors and the creditors of Swain and Little, and thereupon turned over to said Andrews, as the agent of said defendants, all the goods, wares, merchandise, moneys, credits, book accounts, and effects of said A. G. Swain, amounting to ——— dollars; and that said Andrews took possession of the same as the agent of the creditors of defendants; and further, that the effects so turned over to said Andrews were more than sufficient to pay all the preferred creditors mentioned in said contract, leaving a large sum to be divided among other creditors of said Swain & Little; that the effects thus turned over have long since been converted into money and divided among several creditors of the said Swain and Swain & Little; but that no part of the claim of the plaintiff has ever been paid, either to her or to any one for her, by the said defendants. A copy of the note and contract aforesaid are filed with the plaintiff's petition.

It appears from the record in this case that the.Wyoming National Bank, by its attorney, separately appeared in the court below and filed a demurrer to the plaintiff's petition, and assigned three causes of demurrer, viz:

1. That there is a misjoinder of parties defendants.

2. That several causes of action have been improperly united.

3. That the petition does not state facts sufficient to constitute a cause of action against the defendants.

The court below sustained the demurrer to the plaintiff's petition, and this case is brought here for review. We will examine the first cause of demurrer assigned, and inquire, first, is there a misjoinder of parties defendants in this action? It is important to bear in mind that there is an action of assumpsit brought by the plaintiff to recover the amount of a note executed, not by the defendant, but by the firm of Swain & Little, to the plaintiff. Like all actions of assumpsit, it is based upon a promise. It is alleged in the plaintiff's petition that according to the terms of a certain agreement entered into between A. G. Swain, of the first part, and the Wyoming National Bank and other creditors of Swain & Little, and A. G. Swain, of the second part, one Andrews should convert certain goods, wares and merchandise, the property of the said A. G. Swain, into cash, and out of the proceeds thereof pay and discharge the note held by the plaintiff against the firm of Swain & Little. The contract filed with the plaintiff's petition shows conclusively, if it shows anything, that it was a contract entered into by Swain, a party of the first part, and the bank and other creditors of A. G. Swain and Swain & Little, as parties of the second part; and if any promise was made to pay the debt of the plaintiff, it was made by the parties of the second part to Swain, not by Swain. We are, therefore, of opinion that there is a misjoinder of parties defendants in this action, in making Swain a party defendant; and where such is the case, under the compiled laws of this territory a demurrer will lie: See Compiled Laws, 44, sec. 85.

The second cause of error assigned, having been abandoned by counsel of defendant in error in the argument in this court, it will not be considered. It would hardly seem possible that the plaintiff in error could claim that the supposed promise or assumpsit upon which this action is founded, was made to her either directly or indirectly; yet the averment in the petition of the plaintiff "that she relied wholly and entirely on the good faith of the said contract and agreement therein contained, and accepted the same in good faith as security for the payment of the said sum of money to her; and relying upon said contract as aforesaid the said plaintiff did not take any steps to, or attempt to collect said note from the makers" would seem to imply that she did so regard it. Grant for the sake of argument that this averment is true: Does it state a cause of action in any view of the case, in favor of the plaintiff, and against the defendant? We think not; and why? Because there is no contract stated between the plaintiff and defendant. To establish a contract between the plaintiff and defendant there must appear that there were reciprocal or mutual obligations between the parties; not merely that the plaintiff remained passive at the time the contract referred to was entered into, but on the contrary, it must clearly appear that she bound herself to do ˚or not to do some given thing. If the plaintiff accepted the contract as alleged in her petition, she did so of her own volition, as it is nowhere alleged or appears that the defendant requested her acceptance of the said contract. The proposition will hardly be questioned that all contracts to be legal between parties, the obligations must be mutual and binding upon both. If both parties are not bound there is no contract.

Did the plaintiff forbear to proceed to collect by law the amount of her claim against Swain and Little, as she alleges she did? If so that was her own concern; as she was under no obligation to the defendant not to do so. We are unable to see that there is any consideration between the plaintiff

and defendant upon which to base a promise in law. That there must be a consideration of some sort is admitted. It need not necessarily be a moneyed consideration. If the consideration of a contract be a detriment to the promissee such detriment must accrue at the request of the promisor. Par. on Con. 5 Ed. 431, 448, 450.

Counsel for the plaintiff in error, in their argument before this court, also assumed the position that, according to the legal effect of the agreement heretofore referred to, the defendant in error agreed with or promised Swain to pay the claim of the plaintiff. We find it extremely difficult to see upon what principle such an assumption can be sustained. The contract upon which such a promise is based forbids such a conclusion. It is well settled that in no case can a stranger to a contract maintain an action upon it, or for the breach of it; save in the exceptional cases where the promissee was considered merely the agent for the stranger and where the stranger was regarded as the trustee of the party to whom the promise is made: Par. on Con. 5 Ed. 466–8.

At all events as the promise in this case alleged were under seal, then all the authorities seem to agree that a stranger cannot maintain any action for a breach of the promises: Par. on Con. 5 Ed. 475, 478.

It seems to the court that there is no error in the judgment of the court below, and that it should be affirmed.

Judgment affirmed.